797 F.2d 927
 14 Soc.Sec.Rep.Ser. 384, Unempl.Ins.Rep. CCH 16,916
James E. CONNELL, individually and on behalf of all others
similarly situated, Plaintiffs-Appellants,
v.
Otis R. BOWEN, in his official capacity as Secretary of the
Department of Health and Human Services of the
United States, Defendant-Appellee.
 No. 85-3462.
 United States Court of Appeals, Eleventh Circuit.
 June 25, 1986.
 
 Sarah H. Bohr, Jacksonville, Fla., for plaintiffs-appellants.
 Dorothea Bean, Asst. U.S. Atty., Jacksonville, Fla., Wendy Kloner, U.S. Dept. of Justice, Civil Div., Washington, D.C., for defendant-appellee.
 Appeal from the United States District Court for the Middle District of Florida.
 Before FAY, CLARK and NIES*, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is dismissed for lack of jurisdiction. Once the district court ordered a remand of Mr. Connell's claim to the Secretary for a review in accord with the law of this circuit, the question of whether or not to certify a class became moot and should not have been reached. The ruling denying certification of a class is vacated.
 
 
 2
 DISMISSED.
 
 CLARK, Circuit Judge, dissenting:
 
 3
 I have been unable to discover any basis for concluding that we lack jurisdiction in this case. I therefore dissent from the dismissal of this appeal.
 
 
 4
 On July 21, 1980, having received a final decision from the Secretary denying his claim for Social Security disability benefits, James Connell filed this case as a class action on behalf of himself and others similarly situated. Specifically, he alleged that the Medical-Vocation Guidelines, 20 C.F.R. Sec. 404, Subpart P, Appendix 2, Tables 1, 2 and 3 and Sec. 404, Subpart I, Appendix 2, Tables 1, 2 and 3 (hereinafter the "grid regulations") established a standard for the determination of disability for persons under 45 years of age that is inconsistent with the statutory standard for disability. He sought class certification, an order declaring the grid regulations invalid, an injunction enjoining the Secretary's application of the grid regulations and remand of the claims of class members to the Secretary for determination under the appropriate standard of disability.
 
 
 5
 While Connell's case was pending before the district court, this court determined that mechanistic application of the grid regulations was inconsistent with the Social Security Act, essentially resolving the legal question raised by Connell on behalf of himself and the proposed class. Broz v. Schweiker, 677 F.2d 1351 (11th Cir.1982), vacated and remanded sub nom. Heckler v. Broz, 461 U.S. 952, 103 S.Ct. 2421, 77 L.Ed.2d 1311 (1983), adhered to 711 F.2d 957, modified 721 F.2d 1297 (11th Cir.1983). In Reeves v. Heckler, 734 F.2d 519 (11th Cir.1984), we held that a claimant must be given the opportunity to present substantial evidence to rebut the presumptions inherent in mechanistic application of the grid regulations.
 
 
 6
 Having stayed this case pending final resolution of Broz and Reeves, the district court held two hearings on Connell's claim. The district court entered an order on November 28, 1984, remanding Connell's claim to the Secretary for further proceedings under Reeves, but denying the request for class certification. Following the denial of his motion for new trial, Connell filed this appeal challenging the district court's decision with respect to class certification. The majority now holds that the class certification issue became moot when the district court ordered Connell's individual claim remanded to the Secretary.
 
 
 7
 Generally, an action is considered moot when it no longer presents a justiciable controversy because any determination of the matter will have no practical effect on the parties, as when the issues in the case have been resolved or have for some reason become academic from the point of view of the plaintiff. See United States Parole Commission v. Geraghty, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980); Black's Law Dictionary 909 (5th ed. 1979). Clearly, the issue of class certification presented on appeal is not moot. The dispute between class members and the Secretary was in no sense resolved by the district court's decision to remand Connell's claim to the Secretary for further proceedings. The interests of the unnamed class members in a determination of their rights under Broz and Reeves remain alive.
 
 
 8
 If the majority's conclusion that the class certification issue is moot follows from the belief that Connell's individual claim is moot,[1] its reasoning and understanding of the law are faulty. The issue of class certification is separate from, albeit collateral to, the merits of the named plaintiff's individual claim. A ruling on class certification stands as an adjudication of a litigated issue that does not become moot just because the named plaintiff's suit on the merits is mooted. Deposit Guaranty National Bank v. Roper, 445 U.S. 326, 336, 100 S.Ct. 1166, 1173, 63 L.Ed.2d 427 (1980); see also id. at 344, 100 S.Ct. at 1177 (Blackmun, J., concurring); Geraghty, 445 U.S. at 402, 100 S.Ct. at 1211-12. So long as the named plaintiff demonstrates a personal stake in the class certification issue sufficient to satisfy Article III requirements, appeal may be permitted from an adverse ruling collateral to the judgment on the merits at the behest of the party who has prevailed on the merits. Roper, 445 U.S. at 334, 100 S.Ct. at 1171-72.
 
 
 9
 It is thus evident that the key jurisdictional question raised if Connell's individual claim is in fact moot is whether he retains sufficient stake in the issue of class certification to appeal its adverse resolution. Geraghty, 445 U.S. at 402, 100 S.Ct. at 1212. This question is merely raised, not resolved, by the district court's favorable resolution of Connell's individual claim.
 
 
 10
 I need not pause long to assess the sufficiency of any personal stake Connell retains in pursuing class certification. The Supreme Court held in Geraghty that a proposed class representative who vigorously advocates the right to have a class certified satisfies the Article III personal-stake requirement. 445 U.S. at 404, 100 S.Ct. at 1212-13. There can be no doubt that Connell has vigorously represented class interests in this appeal from the denial of class certification. As the controversy between class members and the Secretary remains alive and Connell has demonstrated a personal stake in advocating the interests of the class, the class certification issue is not moot.
 
 
 11
 It is because Connell's individual claim for benefits has not been resolved (and so is not moot) that we first asked the parties to submit briefs on the problem of finality. (We did not receive briefing on mootness.) Although the majority's dismissal is not premised on the final judgment rule, I should explain why I believe we have jurisdiction over this appeal despite the fact that Connell's individual claim has been remanded to the Secretary.
 
 
 12
 An order denying class certification is not immediately appealable but is subject to review after final judgment at the behest of the named plaintiff. Coopers & Lybrand v. Livesay, 437 U.S. 463, 469, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978). In the classic Social Security disability case, a remand order to the Secretary is an interlocutory order and not a final judgment. See, e.g., Taylor v. Heckler, 778 F.2d 674, 677 (11th Cir.1985). If the district court's decision in this case resolving the legal question raised by Connell in his favor and remanding his claim to the Secretary for further proceedings in accord with the correct legal standard is not a final judgment, or if the denial of class certification is not appealable under the collateral order doctrine, then we do not have jurisdiction over this appeal.
 
 
 13
 Far from the classic remand situation, this case presents something akin to an appeal from a determination that the plaintiff is entitled to procedural relief. In the classic remand situation, the relief requested by the claimant is an award of benefits. The issue before the district court is substantiality of the evidence, which cannot be finally determined until any necessary remand to the Secretary has been completed and the case returned to the district court. In this case, the relief requested was a determination that the Social Security Act requires individualized consideration of each person and does not permit utilization of presumptions built into the grid regulations. Connell's complaint asked for class certification, a declaration of rights under the Act and remand for individualized consideration pursuant to the declaration. Notably, it did not ask for an award of benefits. Thus, although the court ordered a remand, it finally disposed of all the claims and requests presented by Connell.
 
 
 14
 This case is final in the same sense as would be a determination that procedural due process required a remand for a hearing. That the plaintiff in a procedural due process case is not entitled to receive whatever property interest is at stake unless and until the hearing ordered on remand results in a determination in his or her favor does not render judgment on the right to due process any less final. That Connell's entitlement to benefits has not finally been determined similarly should not preclude our taking jurisdiction over an appeal in a case in which the right to an individualized hearing, and not entitlement to benefits, is at issue.
 
 
 15
 If the district court's decision was not a "final order," we still have jurisdiction under the collateral order doctrine. See, e.g., United Steelworkers v. Union R. Co., 648 F.2d 905, 909-11 (3d Cir.1981) (discussion is very helpful); Gold v. Weinberger, 473 F.2d 1376 (5th Cir.1973); Cohen v. Perales, 412 F.2d 44, 48 (5th Cir.1969), rev'd on other grounds sub nom. Richardson v. Perales, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); cf. Broz v. Schweiker, 677 F.2d 1351 (11th Cir.1982) (exercising jurisdiction over appeal from a remand order without discussion of finality issue). An order that does not finally resolve all the issues in a case may be appealable if it (1) finally disposes of (2) claims separable from, and collateral to, the unresolved rights asserted in the action and (3) involves interests that are too important to be denied review and may be lost if review is delayed. Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949).
 
 
 16
 In this case, (1) The district court finally disposed of the class certification question and contemplates no further action on it. (2) Class certification and the substantive class issue are completely unrelated to any further proceedings before the Secretary on Connell's individual claim for benefits. Connell has already proved himself to be a proper class representative by prevailing on the legal issue common to the claims of the unnamed class members. Whether or not he finally receives benefits is beside the point. (3) Review of the class claims will be lost if Connell prevails before the Secretary because there will be nothing for Connell to appeal. Even if Connell loses and appeals on substantiality of the evidence grounds, the only issue on appeal will be substantiality. We have taken jurisdiction over appeals by the Secretary from adverse legal rulings, despite the fact that they accompanied remand orders, where the only issue on any future appeal would be substantiality of the evidence. See, e.g., Cohen v. Perales, supra. If Connell is unable to appeal the denial of class certification at a later point, the Broz claims of all the unnamed class members may be time-barred and unreviewable. As the three prongs of Cohen v. Beneficial are satisfied in this case, we should exercise jurisdiction over the class certification issue because the interests involved are too important to be denied review and may be lost if review is delayed.
 
 
 17
 Finally, two Supreme Court cases support taking jurisdiction over an issue that has been finally decided, even if the entire case has not been finally decided, where the issue will survive until the whole case is final, the issue is already before the appellate court and the cost of delay would exceed the cost of deciding of the issue. American Export Lines, Inc. v. Alvez, 446 U.S. 274, 100 S.Ct. 1673, 64 L.Ed.2d 284 (1980); Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964). It will be a waste of our time and the parties' time and money further to delay a decision on the class certification question in this case. The case has already been in the courts six years.
 
 
 18
 As the denial of class certification is appealable either as from a final judgment or under the collateral order doctrine, and as the interests of judicial economy and justice will only be served by our deciding the issue presented by Connell, we can and should exercise jurisdiction over this appeal. There being no reason relating to either mootness or finality to hold that we lack jurisdiction, I dissent from the dismissal of this appeal.
 
 
 
 *
 Honorable Helen W. Nies, U.S. Circuit Judge for the Federal Circuit, sitting by designation
 
 
 [1]
 The majority's decision appears to have been influenced by the district court's decision to remand Connell's claim to the Secretary. Given that the issue of law common to Connell and the class was resolved in Connell's favor, it would appear that the majority equates the mootness of Connell's claim on the merits with the mootness of the class certification issue. Of course, to the extent Connell's claim is characterized as a quest for disability benefits, it has not been resolved one way or the other and so is not moot. It is the ultimate lack of resolution of Connell's claim that causes the finality problem discussed infra at 929 - 931