[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 25, 2006
THOMAS K. KAHN
CLERK

_____

Nos. 05-13978
05-15703
Non-Argument Calendar

_____

D. C. Docket No. 03-00131-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT HINTZ,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(July 25, 2006)**

Before BLACK, BARKETT, and MARCUS, Circuit Judges.

PER CURIAM:

Scott Hintz, proceeding pro se, appeals the district court's denial of his motion to recuse a magistrate judge and appoint substitute counsel.[1] On appeal, Hintz argues that the district court violated his constitutional rights by denying his motion as moot after allegedly delaying its ruling on the motion for approximately six months, while failing to stay related court proceedings, including his direct appeal in this Court. We affirm.

We review the denial of a motion to recuse for abuse of discretion. See United States v. Bailey, 175 F.3d 966, 968 (11th Cir. 1999). We likewise review the denial of a motion for substitute counsel for abuse of discretion. See United States v. Berger, 375 F.3d 1223, 1226 (11th Cir. 2004).

After pleading guilty to bank fraud, in violation of 18 U.S.C. § 1344, pursuant to a written plea agreement, Hintz was sentenced to a 57-month term of imprisonment. Although then represented by counsel, Hintz filed a pro se notice of

---

[1] We discern no abuse of discretion in the district court's denial of Hintz's related post-judgment motion seeking depositions and the subpoena of materials connected to the motion to recuse and for substitute counsel. Cf. Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002) (reviewing denial of post-judgment motion for abuse of discretion); United States v. Quinn, 123 F.3d 1415, 1425 (11th Cir. 1997)(reviewing denial of defendant's motion for discovery for abuse of discretion). And the district court did not abuse its discretion by denying an evidentiary hearing on these matters. Cf. United States v. Massey, 89 F.3d 1433, 1443 (11th Cir. 1996) (reviewing denial of evidentiary hearing for abuse of discretion). To the extent Hintz argues the district court should have stayed related proceedings, including Hintz's direct appeal before this Court, he never moved, or otherwise requested, a stay in the district court. We decline to consider his arguments as they are raised for the first time on appeal and they do not fall within any of the exceptions we have recognized to the rule that we will not consider issues not raised in the district court first. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331-32 (11th Cir. 2004).

appeal and a pro se motion for appointment of new counsel. After a hearing, the district court granted Hintz's motion for appointment of new counsel, and in June 2004, a magistrate judge appointed Lynn Fant as Hintz's attorney. About six months later, in December 2004, while his direct appeal was pending in this Court, Hintz filed a pro se motion to recuse the magistrate judge and a motion for substitute counsel. In support of recusal, Hintz stated that he had prior business dealings with the magistrate judge and his family. Hintz indicated that the magistrate judge had told Hintz to give him (the magistrate judge) personal property so that the criminal investigation would "go easier." In support of his motion for new counsel, Hintz asserted that Fant had refused to consult with him or allow him to assist in preparing the direct appeal and had filed a motion to withdraw and Anders[2] brief alleging that there were no issues of arguable merit.

On January 14, 2005, we granted Fant's motion to withdraw, stating "[o]ur independent review of the entire record reveals that counsel's assessment of the relative merit of the appeal is correct." Based on our independent review, revealing no issues of arguable merit, we granted the motion to withdraw and affirmed Hintz's conviction and sentence. Thereafter, in March and April 2005, Hintz filed affidavits in support of his motion for recusal and substitution of

_____

[2]Anders v. California, 386 U.S. 738 (1967).

3

counsel. The following month, the district court issued an order indicating that the motion to recuse was untimely since Hintz's court-appointed attorney had already fulfilled her responsibility. Accordingly, the district court denied the motion as moot. Hintz then moved for reconsideration and filed this appeal. The district court denied reconsideration, indicating that the motion to recuse was moot because (1) the only issue referred to the magistrate judge was the appointment of counsel for Hintz's appeal and there were no further issues pending before the magistrate judge; and (2) this Court had affirmed Hintz's conviction and sentence and had allowed Fant to withdraw.

On appeal, Hintz argues that his motion for recusal and substitute counsel was not moot because it affected the proceedings in his direct appeal. More specifically, Hintz asserts that he was "forced to use allegedly conflicted counsel" and was deprived of any counsel after we granted counsel's motion to withdraw and affirmed his conviction and sentence. We are unpersuaded.

Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer, except for good cause. Thomas v. Wainwright, 767 F.2d 738, 742 (11th Cir. 1985). "A federal court is without power to decide moot questions or to give advisory opinions which cannot affect

4

the rights of the litigants in the case before it." <u>St. Pierre v. United States</u>, 319 U.S. 41, 42 (1943). "Generally, an action is considered moot when it no longer presents a justiciable controversy because any determination of the matter will have no practical effect on the parties . . ." <u>Connell v. Bowen</u>, 797 F.2d 927, 929 (11th Cir. 1986).[3]

Here, the district court did not abuse its discretion or violate Hintz's constitutional rights by denying his motions as moot because this Court had affirmed his conviction and sentence at the time of the district court's decision. In affirming his conviction and sentence and granting counsel's motion to withdraw, we conducted an independent review of the record and discerned <u>no</u> issues of arguable merit. Accordingly, Hintz's request for a new attorney -- the only matter before the magistrate judge -- was moot as there were no viable issues for our review, if raised by Fant or another attorney. Finally, Hintz has shown no abuse of discretion or violation of his rights as a result of the short time that lapsed between the filing of his motions and the district court's decisions, particularly since Hintz continued to file additional pleadings in support of these motions and for the court's consideration prior to its decision.

**AFFIRMED.**

---

[3]This appeal implicates none of the exceptions to the mootness doctrine. <u>See</u> <u>B&B Chem. Co., Inc. v. U.S. E.P.A.</u>, 806 F.2d 987, 990 (11th Cir. 1986) (discussing exceptions).