[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 13, 2006
THOMAS K. KAHN
CLERK

No. 06-12326
Non-Argument Calendar
_____

D. C. Docket No. 03-00131-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT HINTZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(December 13, 2006)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

Scott Hintz, proceeding pro se, appeals the district court's order denying in part his post-judgment "motion to reconsider amendment to mailing information to ensure delivery" and his "motion for emergency relief" in which he requested that

all mail from the district court be sent to him via certified mail.[1]  On appeal, Hintz argues that the denial of his motion resulted in the district court clerk's failure to send the outgoing mail to him via certified mail, and that as a consequence, he did not receive all of the court mail pertaining to his case.  We review post-judgment motions and the denial of motions to reconsider for an abuse of discretion.  Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002); United States v. Simms, 385 F.3d 1347, 1356 (11th Cir. 2004).  We affirm.

In his post-judgment motions, Hintz asserted that he was not receiving his mail due to interference by prison officials.  He requested the district court (1) to send all outgoing mail to him via certified mail, (2) to instruct prison mailroom

---

[1]Hintz also raises claims concerning the district court's denial of his motions to reconsider his motions to be recognized as co-counsel and to proceed pro se in the underlying criminal proceedings.  On remand from the Supreme Court, we recently affirmed Hintz's conviction and sentence.  United States v. Hintz, No. 04-10704, manuscript op. at 7 (11th Cir. Jul. 18, 2006).  Accordingly, Hintz's direct appeal is over and whether or not the district court recognizes him as pro se or as co-counsel will have no effect on the underlying criminal proceedings, which have concluded and which we have affirmed.  See  Connell v. Bowen, 797 F.2d 927, 929 (11th Cir. 1986) (holding that an action is moot when its determination will have no practical effect on the litigants).  "A federal court is without power to decide moot questions or to give advisory opinions which cannot affect the rights of the litigants in the case before it." St. Pierre v. United States, 319 U.S. 41, 42 (1943).  And none of the three exceptions to the mootness doctrine apply here.  Cf. Bekier v. Bekier, 248 F.3d 1051, 1054 n.4 (11th Cir. 2001) (discussing exceptions to mootness doctrine).

We will consider the appeal of the denial of Hintz's motions relating to his mail, however, because currently, Hintz has at least three motions pending in the district court and has been ordered to seek leave before filing any other motions.  Thus, Hintz remains in contact with, and continues to receive mail from, the district court, thus meaning that Hintz's appeal regarding his requests to change the method of sending mail to him is not moot because the manner in which his mail is sent  will affect him until the district court disposes of the outstanding motions in his case.

2

staff to comply with established law, and (3) to inform this Court to amend his mailing information. The district court granted the motion in part, directing that all mail sent to Hintz be marked: "Legal Mail -- Open Only in Presence of Inmate." The court denied the remaining relief, noting that Hintz's claim concerning federal officials' interference with the delivery of his mail must be brought pursuant to Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

From our review of the record, we discern no abuse of the district court's discretion in its partial denial of Hintz's motions concerning the method of delivery of his mail. Again, the district court partially granted these motions, to the extent Hintz requested that correspondence to him from the court be marked clearly as "Legal Mail – Open Only in Presence of Inmate." The remaining relief Hintz sought was for the district court (1) to send all outgoing mail to him via certified mail, (2) to instruct prison mailroom staff to comply with established law, and (3) to inform this Court to amend his mailing information. In short, Hintz has not shown, and our own research has revealed no case law directing, that he was entitled to the first two forms of requested relief.[2] As for the last requested remedy, Hintz points to no support for his contention that the district court has

---

[2]We GRANT Hintz's motion seeking leave to file his reply brief late, and DENY his motion to disqualify Assistant United States Attorney Alexander and to strike the government's brief.

3

authority to direct this Court's clerk to amend mailing information, or the method of mailing, in a pending appeal. Accordingly, the district court did not abuse its discretion in its disposition of Hintz's motions.

**AFFIRMED.**