[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 30, 2007
THOMAS K. KAHN
CLERK

No. 06-14280
Non-Argument Calendar

_____

D. C. Docket No. 03-00131-CR-01-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SCOTT HINTZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 30, 2007)**

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

This is Scott Hintz's tenth appearance before this Court. In the instant

appeal, Hintz, proceeding pro se, appeals the district court's order prohibiting him

from filing additional motions in the district court without leave of court, since his direct appeal remained pending in this Court. We affirm.

Hintz originally pled guilty, pursuant to a written plea agreement with an appeal-waiver provision, and was sentenced to a 57-month term of imprisonment for bank fraud, in violation of 18 U.S.C. § 1344. We dismissed his direct appeal based on the appeal-waiver provision, as well as his counsel's motion to withdraw for a lack of meritorious issues. See United States v. Hintz, No. 04-10704 (11th Cir. Jul. 18, 2006) (unpublished) ("Hintz I").

While Hintz I was pending, Hintz continued to file numerous motions, affidavits, notices and supporting briefs in the district court. Based on the district court's rulings on these filings, Hintz proceeded to file three more direct appeals in this Court, all while Hintz I remained pending.[1] After the issuance of Hintz I, in a consolidated opinion, we affirmed the district court's denial of Hintz's motion to recuse the magistrate judge and to appoint substitute counsel. See United States v. Hintz, Nos. 05-13978, 05-15703 (11th Cir. Jul. 25, 2006) (unpublished) ("Hintz II"). We also affirmed the district court's ruling regarding the manner in which

---

[1] Hintz also has petitioned this Court two times for mandamus relief, which we have denied. See No. 06-15559 ((11th Cir. Nov. 30, 2006); No. 06-12956 (11th Cir. Jun. 23, 2006). We dismissed, as frivolous, his appeal from the denial of his motion for bond pending appeal. See No. 06-13864 (11th Cir. Sep. 12, 2006). He currently has three more appeals pending in our Court. See Nos. 06-15922, 07-10047, 07-10128.

2

mail is to be marked and delivered to Hintz. See United States v. Hintz, No. 06-12326 (11th Cir. Dec. 13, 2006) ("Hintz III"). In the meantime, while these appeals were pending, the district court "ordered [Hintz] not to file additional motions . . . without first seeking leave of court." It is this order than Hintz challenges in the instant appeal, "Hintz IV."

We grant "[c]onsiderable discretion" to a district court's decision regarding how to best protect itself against abusive litigants that "impair [the court's] ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073-74 (11th Cir. 1986). Discretion afforded to the district court is necessary to allow "the judiciary [to] respond with imaginative new techniques," and countermeasures to combat abusive litigants after "new ideas develop and old devices prove ineffective." Id. at 1073. "The court has a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." Id. at 1074. Amongst the tactics that we have approved includes "limitation of further pleadings without order of court, after the complaint has been filed." Id. at 1073.

Here, we readily find no abuse of discretion in the district court's order barring Hintz from filing additional motions without leave of court. This is the very remedy that we have approved, when dealing with an abusive litigant. Id. Notably, the district court did not completely preclude Hintz from filing additional

3

motions, it only required that Hintz seek leave of the court before filing to ensure that judicial resources were not occupied by one individual.  In short, we discern no error in the district court's decision.

**AFFIRMED.**