[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Oct. 19, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17227
Non-Argument Calendar

_____

D. C. Docket No. 08-00203-CV-HL-5

REGINALD DEKEITH MIMS,

Plaintiff-Appellant,

versus

RUSSELL ANDERSON,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(October 19, 2009)

Before BLACK, BARKETT and PRYOR, Circuit Judges.

PER CURIAM:

Reginald Mims appeals pro se the dismissal of his complaint against court reporter Russell Anderson. The district court ruled that Mims's complaint was barred under Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364 (1994). We affirm.

Mims complained that Anderson violated his right to due process by "sabotag[ing]" the direct appeal of his state criminal conviction. Mims alleged that Anderson failed to attach exhibits to the transcript for his direct appeal and deprived Mims of a "full and fair review of [his] claim of actual innocence." Mims argued in an attachment to his complaint that Anderson's "misconduct" was "a true fundamental defect that [could not] be corrected on appeal." Mims requested as relief that the district court "vacate [his] judgement[] [sic] on appeal and remand for [a] new trial"; reimburse him for the "cost of [his] appeal"; and award "monetary damages" of $80,000.

Mims moved for the appointment of counsel. After the magistrate judge denied the motion as premature, Mims moved for reconsideration. Anderson moved to dismiss Mims's complaint and for a stay of discovery. Mims served interrogatories on Anderson and, four days later, moved to compel Anderson to proceed with discovery.

A magistrate judge recommended that the district court dismiss Mims's

complaint. The magistrate judge found that "Mims is actually seeking habeas corpus relief, inasmuch as his claims address his state criminal and habeas corpus proceedings as well as his appellate rights" and recommended the district court deny the complaint as barred under Heck. The magistrate judge also recommended that the district court deny as moot Mims's motions to reconsider his request for appointed counsel and to compel discovery. Mims objected to the recommendation, argued that his petition was not barred by Heck, and moved to amend his complaint to withdraw his request for a new trial. The district court "made a de novo determination of the portion of the [report and recommendation] to which [Mims] object[ed]" and dismissed Mims's complaint.

Mims challenges the ruling of the district court on three grounds, all of which fail. First, Mims's argument that the mistake of Anderson caused the state courts to deny Mims relief on direct appeal fails because a judgment in his favor "would necessarily imply the invalidity of [his] conviction[.]" Heck, 512 U.S. at 487, 114 S. Ct. at 2372. Second, Mims argues that he was entitled to amend his complaint as a matter of right, see Fed. R. Civ. P. 15(a)(2), but any amendment would have been futile. See Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed[.]"). Third, the district court did not abuse its

discretion by denying Mims's requests for appointed counsel and to compel discovery because those motions were moot.  See Connell v. Bowen, 797 F.2d 927, 929 (11th Cir. 1986).

The dismissal of Mims's complaint against Anderson is **AFFIRMED**.