[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 7, 2002
THOMAS K. KAHN
CLERK

No. 01-11014

D. C. Docket No. 99-03249 CV-H-E

CARL A. GREEN,

                                        Plaintiff-Appellant,

versus

UNION FOUNDRY COMPANY,

                                        Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Alabama

**(February 7, 2002)**

Before EDMONDSON, DUBINA and COX, Circuit Judges.

DUBINA, Circuit Judge:

This is an employment discrimination case in which the district court granted summary judgment in favor of the employer, Union Foundry Company ("UFC"), on the Appellant, Carl A. Green's ("Green") Title VII claims. The district court never reached the merits of Green's Complaint, but rather determined that Green failed to satisfy his initial burden of demonstrating that he filed suit within ninety days of receiving his right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC"). We affirm.

## I. BACKGROUND

A. Procedural History

Green filed this action on December 6, 1999. In his Complaint, he asserted a Title VII claim of racial harassment and a Title VII claim of race discrimination associated with his job assignment, demotion, and discharge. He filed an Amended Complaint on December 29, 2000, changing only his promotion and demotion dates.

After some period of discovery, UFC filed a Motion for Summary Judgment arguing that all of Green's Title VII claims were procedurally barred and due to be dismissed because Green failed to prove that he had filed suit within ninety days of receiving his right-to-sue letter from the EEOC. In granting UFC's Motion for Summary Judgment, the district court concluded that the "plaintiff has failed to

2

satisfy his burden of establishing that he filed his complaint within 90 days of his receipt of a right-to-sue letter from the EEOC." *Green v. Union Foundry Co.*, No. CV-99-H-3249E (N.D. Ala. Jan. 3, 2001)(mem.). The district court found that "the notice of right-to-sue was mailed on August 31, 1999, and this action was filed December 6, 1999, 97 days after the right-to-sue letter was mailed." *Id.* Further, the district court found that,

> plaintiff has presented no evidence to establish the date on which his wife received the right-to-sue letter or received any attempted delivery notice regarding the letter. The burden of proof of filing within the 90-day period rests on the plaintiff and the plaintiff in this case has failed to satisfy that burden.

*Id.* Based on its findings and conclusions, the court entered judgment in favor of UFC.

Green filed a motion to alter or amend the judgment in favor of UFC; the district court denied that motion without opinion. Green then filed a second motion to alter or amend, which was grounded on Rules 59 and 60 of the Federal Rules of Civil Procedure. In support of this second post-judgment motion, Green submitted what he described as "newly discovered evidence" in the form of an affidavit dated February 3, 2001, from Milton McArthur, Jr. ("McArthur"). McArthur's affidavit stated that he was the window service manager for the U.S. Post Office in Gadsden, Alabama, and discussed when the post office delivered the

3

certified mail notices to Green's wife. Green's counsel also filed an affidavit in which he testified that before February 2, 2001, "I was unaware that it would be possible to ascertain, without the envelope in which it was delivered, the date that a certified letter was delivered in September 1999." (Cobb Aff. ¶ 2).

On February 21, 2001, the district court issued a two-page order denying Green's second post-judgment motion. The district court based its decision on two grounds: (1) even if the newly-discovered evidence from McArthur had been before the court when it considered UFC's Motion for Summary Judgment, the evidence would not have changed the court's ruling; and (2) even if that evidence could have changed the outcome, Green failed to demonstrate that any of the reasons for granting relief under Rule 60(b) of the Federal Rules of Civil Procedure had been satisfied. The district court specifically noted that Green failed to show that this "new" evidence could not have been discovered in time to move for a new trial under Rule 59.

On February 20, 2001, Green filed a notice of appeal to this court, which referenced only the district court's summary judgment order of January 3, 2001, and the court's order denying Green's first post-judgment motion on January 22, 2001. Importantly, Green did not file a separate notice of appeal from the district

4

court's February 21, 2001, order, nor has he amended his February 20, 2001, notice of appeal to add that ruling to this appellate proceeding.

B. Facts

UFC hired Green, a 37 year-old black male, on April 7, 1998. UFC operates a fittings plant in Anniston, Alabama, where the events surrounding this case occurred. On December 1, 1998, Green and another black employee, Jankowicz Curry ("Curry"), engaged in a fight during working hours. On December 3, 1998, UFC terminated both Green and Curry. The next day, Green filed a charge of discrimination with the EEOC, alleging racial harassment during his employment with UFC and racial discrimination with respect to his job assignment, demotion, and discharge.

On April 14, 1999, Green was convicted of felony child abuse as a result of an incident involving his seven-year-old stepdaughter who suffered a broken arm. The court sentenced Green to five years in the penitentiary. He began serving his sentence on April 14, 1999, in the Etowah County jail. He remained in that facility until being transferred to the Alabama state prison at Mt. Meigs, Alabama, on June 2, 2000. He was confined in prison both at the time the EEOC issued his right-to-sue letter on August 31, 1999, and when he filed his Complaint on December 6, 1999.

On July 16, 1999, the EEOC mailed a form letter to Green's home address in Gadsden, Alabama, asking him to decide among a number of options with respect to his Title VII charge. Green's wife received the letter at his home and mailed it to him in jail, because she considered it to be "important." On July 21, 1999, Green checked the box on the letter indicating that he wanted a "right-to-sue" and mailed the letter back to the EEOC. Although the EEOC's form letter specifically requested that Green provide the agency with his "current address," he wrote his Gadsden, Alabama, home address on the form and made no mention of the fact that he was in prison. Counsel represented Green at the time of these events.

On August 31, 1999, the EEOC mailed Green's right-to-sue letter to his home address as he had requested. The right-to-sue letter reflects that the EEOC mailed it to the same Gadsden address as Green provided on the EEOC's form letter. Mrs. Green acknowledges receiving the letter, but she does not know the date on which she received it. Likewise, Green does not know the date on which his wife received the letter.

The right-to-sue letter does not reflect the method by which it was mailed (*i.e.*, by regular U.S. mail, certified mail, or otherwise). Mrs. Green believes, but is not sure, that the letter came by certified mail, but she acknowledges that she may be confusing the right-to-sue letter with the earlier EEOC form letter sent in

July. She also concedes that the EEOC could have sent both of the letters by certified mail.

Mrs. Green recalled receiving a notice from the post office about a certified letter or a package to be retrieved. She is not sure whether the notice stated from whom the letter came, and if it did, she "didn't pay it any attention." Mrs. Green ignored the first notice; she received at least one, and possibly two, notices from the post office about the letter. Mrs. Green finally retrieved the letter from the post office at least two or three weeks, and possibly a month, after receiving the first notice. She did not get a receipt when she picked up the letter.

After retrieving the letter, Mrs. Green did not open it and "didn't pay it [any] attention." She merely put it on her dresser as she did with other mail. At some point thereafter when she cleaned off the dresser, she opened the letter, but she did not keep the envelope. She did not call her husband about the letter immediately; she finally told him about it when he called her some days later. Mrs. Green then forwarded the letter to her husband's lawyer at her husband's request.

As established by the September 15, 1999, affidavits of McArthur, the post office delivered a "second notice" of certified mail to Green's home address. McArthur did not personally know about the delivery of a "first notice," and the second notice did not identify the sender of the mail or its contents. No other

7

postal records exist which identify the sender or the date of any notice of attempted delivery. One record reflects that Mrs. Green signed for a letter or package from the post office on September 22, 1999. Green did not file his Complaint until December 6, 1999, ninety-seven days after the EEOC mailed his right-to-sue letter. After the district court entered judgment against him, Green perfected this appeal.

## II. ISSUES

1. Whether the district court correctly granted UFC's Motion for Summary Judgment.

2. Whether the district court abused its discretion in denying Green's post-judgment motions.

## III. STANDARDS OF REVIEW

This court reviews the district court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the party opposing the motion. *Patrick v. Floyd Med. Ctr.,* 201 F.3d 1313, 1315 (11th Cir. 2000). This court reviews the denial of post-judgment motions under an abuse of discretion standard. *Toole v. Baxter HealthCare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).

## IV. DISCUSSION

As an initial matter, we conclude that Green has not properly appealed the district court's ruling on his second post-judgment motion. Green failed to either

amend his original notice of appeal or file a separate appeal from the district court's denial of his second post-judgment motion, and therefore, he has not properly perfected an appeal from that order. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *see also Stone v. INS*, 514 U.S. 386, 401 (1995). Accordingly, we decline to consider the district court's ruling on Green's second post-judgment motion.

The parties agree that, in order for Green to maintain his Title VII claims against UFC, he has the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right-to-sue letter. *See* 42 U.S.C. § 2000e-5(f)(1) (1994); *see also Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir. 2000). Once the defendant contests this issue, the plaintiff has the burden of establishing that he met the ninety day filing requirement. *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir. 1982).

After reviewing the record, we hold that the undisputed evidence before the district court clearly demonstrates that Green did not file his Complaint until ninety-seven days after the EEOC mailed his right-to-sue letter. In reaching its decision, the district court considered the following uncontroverted facts:

(1) The Birmingham district office of the EEOC mailed Green a right-to-sue letter on August 31, 1999, to his home address in Gadsden, Alabama.

(2) Green was incarcerated at the time the letter was mailed, and his wife received the letter at their home address.

(3) Neither Green nor his wife knows the exact date (or even the week) that Mrs. Green received the right-to-sue letter.

(4) Green did not file his Complaint until December 4, 1999, ninety-seven days after the EEOC mailed the right-to-sue letter.

Based on the foregoing undisputed evidence, Green failed to satisfy his burden of establishing that he filed suit within the ninety day filing period. We affirmed the grant of summary judgment to an employer under similar facts in *Martinez v. United States Sugar Corp.*, 880 F. Supp. 773 (M.D. Fla. 1995), *aff'd*, 77 F.3d 497 (11th Cir. 1996).[1]  In that case, the EEOC mailed the plaintiff's right-to-sue letter on November 25, 1992, and he filed suit ninety-five days later, on March 1, 1993.  While the plaintiff in *Martinez* testified that he remembered receiving the right-to-sue letter, he could not remember the date on which he received it.  After considering the evidence, the district court held that "[s]imply put, Plaintiff has not met his burden of proof.  On this ground alone, the Court can, and does, find ample reason to grant judgment for the Defendant." *Id*. at 777.

---

[1]  The district court's decision in *Martinez* was affirmed without opinion.  *See* 11TH CIR. R. 36-1.

In the present case, because Green is unable to present evidence of the date of his wife's receipt of the letter, or to otherwise rebut the fact that ninety-seven days elapsed from the date of mailing to the date of filing, we conclude Green has failed to satisfy his burden.  Accordingly, we affirm the district court's grant of summary judgment in favor of UFC.  Likewise, because we see no abuse of discretion in the district court's ruling denying Green's first post-judgment motion, we also affirm that order.

**AFFIRMED.**