[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 19, 2005
THOMAS K. KAHN
CLERK

No. 04-15011
Non-Argument Calendar

_____

D.C. Docket No. 02-00201-CV-WLS

JOHN ROLLE,

Plaintiff-Appellant,

versus

WORTH COUNTY SCHOOL DISTRICT,

Defendant-Appellee.

_____

Appeal from the United States District Court for the
Middle District of Georgia

_____

**(April 19, 2005)**

Before BIRCH, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

John Rolle, a sixty-six year old black male, filed a pro se employment

discrimination action against the Worth County Board of Education (the

"Board"),[1] alleging race, age, and gender discrimination and retaliation, in violation of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, 42 U.S.C. §1981, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621.[2] Rolle was employed as a teacher at Holley Elementary School from 1993 until he resigned in 1998. In 2001, he applied for rehire at Holley, but, despite recommendations from the principal and the school superintendent, the Board did not vote to rehire him. Rolle claimed that this decision was motivated by his race, age, and gender, and was in retaliation for his race-related activities.

The Board moved for summary judgment, asserting a legitimate non-discriminatory reason for not rehiring Rolle based on complaints about his teaching, which Rolle failed to show was a pretext for discrimination. The Board further asserted that Rolle could not establish a prima facie case of retaliation.

The district court granted summary judgment, over Rolle's objections, finding that Rolle failed to establish that a majority of the Board was motivated by an improper purpose. The court further found that Rolle failed to establish a prima

---

[1] The correct defendant is the Worth County School District.

[2] Rolle fails to offer any argument on his age and gender claims, and, therefore, he has abandoned them. Rowe v. Schreiber, 139 F.3d 1381, 1382 n.1 (11th Cir. 1998).

facie case of retaliation because he could not show, inter alia, that there was a causal link between his activities and the Board's decision. Rolle now appeals.[3]

We review a district court's grant of summary judgment de novo, viewing the evidence in the light most favorable to the party opposing the motion. Wilson v. B/E Aerospace, Inc., 376 F.3d 1079, 1085 (11th Cir. 2004); Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Eberhardt v. Waters, 901 F.2d 1578, 1580 (11th Cir. 1990).

Title VII prohibits discrimination of the basis of race.[4] 42 U.S.C. § 2000e; McDonnell Douglas Corp. v. Green, 411 U.S. 792, 800, 93 S.Ct. 1817, 1823, 36

---

[3] Rolle also challenges the district court's denial of his motion for default judgment in which he claimed that the Board had failed to respond to the complaint in the time allotted. The Board moved to dismiss for insufficient service of process, explaining that there had been no summons attached to the complaint, as required under Fed.R.Civ.P. ("Rule") 4(c). In light of Rolle's pro se status, the court denied the motion, permitting Rolle to effectuate proper service and the Board to file a timely answer. We find that the district court did not abuse its discretion by denying Rolle's motion. Default judgments generally are disfavored. Mitchell v. Brown & Williamson Tobacco Corp., 294 F.3d 1309, 1316 (11th Cir. 2002); see also In re Worldwide Web Systems, Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

[4] Title VII and § 1981 are analyzed in the same manner. Standard v. A.B.E.L. Servs., Inc., 161 F.3d 1318, 1330 (11th Cir. 1998).

L.Ed.2d 668 (1973).  To establish a prima facie case of racial discrimination on the basis of disparate treatment, the complainant must show "(i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications."   McDonnell Douglas Corp., 411 U.S. at 802.  Once the plaintiff establishes the prima facie case, the burden shifts to the employer to show a legitimate, non-discriminatory reason for the employer's actions.  The plaintiff then must show that the employer's reason was a pretext for discrimination.  McDonnell Douglas, 411 U.S. at 802-04, 807.  The court should evaluate whether the plaintiff demonstrated "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence."   Combs v. Plantation Patterns, 106 F.3d 1519, 1528 (11th Cir. 1997).

Title VII also prohibits retaliation in the employment arena for engaging in protected activities.  42 U.S.C. § 2000e-3(a).  The analysis of a retaliation claim based on circumstantial evidence follows the same three-step approach utilized in a disparate treatment claim.  Bass v. Bd. of County Comm'rs of Orange County,

4

Fla., 256 F.3d 1095, 1103 (11th Cir. 2001).  A plaintiff's prima facie case of retaliation must allege that "(1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) there was a causal link between [his] protected activity and the adverse employment action."  Chapman v. AI Transport, 229 F.3d 1012, 1117 (11th Cir. 2000) (en banc).  As this court has explained, "[t]o prove a causal connection, we require a plaintiff only to demonstrate 'that the protected activity and the adverse action were not wholly unrelated.'"  Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1180 n.30 (11th Cir. 2003) (emphasis in original).  See also Wideman v. Wal-Mart Stores, Inc., 141 F.3d 1453, 1457 (11th Cir. 1998); Gupta v. Florida Bd. Regents, 212 F.3d 571, 590 (11th Cir. 2000).

After a thorough review of the record, we conclude that the district court properly granted summary judgment on Rolle's claims.  The Board proffered evidence in the form of depositions and affidavits to show that it did not rehire Rolle because teachers and parents had complained about his teaching abilities and that race did not play a role in the decision.  Rolle failed to demonstrate that this reason was a pretext for discrimination or retaliation.[5]  First, Rolle failed to show that a majority of the Board was motivated by an improper purpose.

---

[5]  Additionally, Rolle failed to satisfy the prima facie case for retaliation, as he cannot show that there is a temporal connection between his activities and the decision not to rehire him.  Nevertheless, even if Rolle satisfied the prima facie case, summary judgment was proper because, as discussed above, Rolle failed to establish that the Board's legitimate, non-discriminatory reason was pretextual.

<u>Matthews v. Columbia County</u>, 294 F.3d 1294, 1297 (11th Cir. 2002). Reviewing the evidence, the only possible evidence of motive relates to a single Board member, but an improper motive of one member does not impart discrimination on the entire Board. <u>See id.</u> Additionally, the fact that the Board hired other minorities negates any showing of pretext. <u>See, e.g.</u>, <u>Cooper v. Southern Co.</u>, 390 F.3d 695, 728-30 (11th Cir. 2004); <u>Holifeld v. Reno</u>, 115 F.3d 1555, 1563 (11th Cir. 1997).

Accordingly, we AFFIRM the district court.