**Joan WALLACE, Plaintiff,**

v.

**PUBLIC HEALTH TRUST OF DADE COUNTY, d/b/a Jackson Memorial Hospital, Defendant.**

No. 04–20486–CIV.

United States District Court, S.D. Florida, Miami Division.

April 28, 2005.

Robert Ginsburg, County Attorney, Scott B. Mario, Assistant County Attorney, Miami, FL, for Public Health Trust.

---

## ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

MARTINEZ, District Judge.

THIS CAUSE came before the Court upon Defendant Public Health Trust's Motion for Summary Judgment (**D.E. No. 13**), filed on *March 8, 2005*. For the reasons set forth below, the Public Health Trust's ("the Trust") Motion for Summary Judgment is GRANTED.

### I. Procedural History

The Trust filed its Motion for Summary Judgment (**D.E. No. 13**), which has been fully briefed and is ripe for adjudication. The Court having carefully considered the case file and being duly advised, finds summary judgment is appropriate in this case.

### II. Legal Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, a motion for summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The Supreme Court stated that

> In our view, the plain language of Rule 56(c) mandates entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Everett v. Napper,* 833 F.2d 1507, 1510 (11th Cir.1987). The Supreme Court has further stated that "Rule 56(c) therefore requires a non-moving party to go beyond the pleadings and by [its] own affidavits or by the 'depositions, answers to interrogatories, and admissions on file' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex v. Catrett,* 477 U.S. at 324, 106 S.Ct. 2548. An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202; *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). It is "material" if it might affect the outcome of the case under the governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 248, 106 S.Ct. 2505.

### III. Analysis

Plaintiff brings this action pursuant to: Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 ("Title VII"); 42 U.S.C. § 1981 (§ 1981); and the Florida Civil Rights Act, Florida Statute Section 760.10 ("FCRA"), for racial discrimination and retaliation. The Plaintiff also brings suit for violation of the Florida Whistleblower's Act, Florida Statute §§ 448.101 and 102 *et seq.,* for retaliating against her for objecting to a violation of 42 U.S.C. § 2000e–2. Plaintiff alleges she suffered damages as a result of discrimination and retaliation against her based upon her race, African.

The Trust seeks summary judgment in its favor on Plaintiff's claims under Title VII and FCRA. The Trust also seeks summary judgment in its favor on Plaintiff's retaliation claim under the Florida Whistleblower's Act, because the Act does not apply to governmental entities, such as the Trust. In addition, the Trust moves to strike the Plaintiff's request for punitive damages, because punitive damages are not available against governmental entities, such as the Trust. Plaintiff concedes Defendant's summary judgment motion

should be granted as to Plaintiff's claim of retaliation under the Florida Whistleblower Act. Plaintiff further concedes the Trust's request to strike Plaintiff's request for punitive damages should be granted. Therefore, the Court will focus on Defendant's motion as it relates to Plaintiff's claims under Title VII and FCRA.

■ Under Title VII, Wallace has ninety days from receipt of the Equal Employment Opportunity Commission's ("EEOC") right-to-sue letter to file her Complaint. 42 U.S.C. § 2000e–5(f)(1); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823, 825 (11th Cir.2000). The Trust contests that Wallace filed her Complaint within ninety days from receipt of the EEOC right-to-sue letter. Wallace bears the burden of establishing she met the ninety-day filing requirement. *Jackson v. Seaboard Coast Line R.R. Co.*, 678 F.2d 992, 1010 (11th Cir.1982); *Green v. Union Foundry Co.*, 281 F.3d 1229, 1234 (11th Cir.2002).

Wallace alleges she received the right-to-sue letter on December 3, 2003, and she filed her Complaint exactly ninety days later on March 2, 2004. The EEOC mailed its right-to-sue letter to Wallace on November 13, 2004. Compl., Ex. 2. Thereafter, the Post Office attempted to deliver Wallace's right-to-sue letter to her mailbox, but a signature was required. Wallace Dep., 113. Initially, Wallace stated she thought she picked up the right-to-sue letter from the Post Office within three or four days of November 14, 2003. *Id.*, 114. Although Wallace later stated it was maybe more like five or seven days after she received a notice from the Post Office, which was labeled a second notice, before she went to the Post Office and retrieved the letter. *Id.*[1] Wallace explained she

sometimes pays her bills over the phone, and she doesn't always check her mail. *Id.*, 115–116.

In *Zillyette v. Capital One Financial Corporation*, the United States District Court for the Middle District of Florida held the ninety-day period for bringing suit began to run from the day the Post Office left a notice of its attempt to deliver the right-to-sue letter, rather than the date the plaintiff actually retrieved the right-to-sue letter from the Post Office. 1 F.Supp.2d 1435 (M.D.Fla.1998), *aff'd*, 179 F.3d 1337 (11th Cir.1999). The Eleventh Circuit Court of Appeals recognizes a plaintiff should have a reasonable amount of time to retrieve the letter from the Post Office upon a notice of delivery. Therefore, the Eleventh Circuit has adopted a three-day rule analogous to Fed.R.Civ.P. 6(e), which provides plaintiffs shall have three days to retrieve an unsuccessfully delivered letter. *Zillyette v. Capital One Financial Corporation*, 179 F.3d at 1342.

■■ Considering Wallace's deposition testimony in the light most favorable to her, as the non-movant, the Court finds Wallace has failed to carry her burden of establishing the ninety-day filing requirement. The EEOC letter was mailed on November 14, 2003. Wallace alleges she received the right-to-sue letter on December 3, 2003, and she filed her Complaint exactly ninety days later. In opposition to Defendant's motion, Wallace filed an affidavit which states:

I am not aware of when the notice of attempt to deliver the "right to sue" letter was received by me or delivered to me. I could have received this notice the day I picked the letter up, December

---

1. Alternatively, this testimony could be read to state Wallace retrieved the right-to-sue letter from the Post Office five to seven days after the EEOC sent it. However, considering the evidence in the light most favorable to

Wallace, the non-movant, the Court will assume the testimony states Wallace retrieved the right to sue letter five to seven days after she received the notice from the Post Office, which was labeled a second notice.

2003, or a maximum of two days prior. I can't imagine waiting to pick up an EEOC letter for longer than a day or two maximum after I got notice.

Wallace Aff., ¶ 10. However, this is insufficient to rebut the fact that 109 days lapsed between the EEOC's mailing of the right-to-sue letter and the filing of her Complaint. *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d at 1010; *Green v. Union Foundry Co.,* 281 F.3d at 1234. On the one hand, Wallace's affidavit is speculative and highlights the fact she does not know when she received the notice from the Post Office. On the other hand, Wallace's affidavit attempts to contradict clear deposition testimony to defeat summary judgment, which is impermissible. *Van T. Junkins and Assoc., Inc. v. U.S. Industries, Inc.,* 736 F.2d 656, 657 (11th Cir. 1984). Accordingly, the Court finds the Trust is entitled to summary judgment on Wallace's claims under Title VII and FCRA.[2] It is hereby:

**ORDERED AND ADJUDGED** that

1. Defendant Public Health Trust's Motion for Summary Judgment (**D.E. No. 13**) is hereby GRANTED as follows:

　　a. The Trust is entitled to summary judgment on Wallace's claims under Title VII and FCRA, as alleged in Counts I, II, and III, because Wallace has failed to carry her burden to establish she filed her Complaint within ninety days from receipt of the EEOC right-to-sue letter;

　　b. The Trust is entitled to summary judgment on Wallace's claim of retaliation under the Florida Whistleblower's Act, as alleged in Count IV; and

　　c. Defendant's request to strike Plaintiff's request for punitive damages is granted, and the request for punitive damages will be stricken from the Complaint.

---

**2.** Case law interpreting Title VII is applicable to claims under FCRA, § 760.01 *et. seq. Fla.*

2. **By 4:00 p.m. on Friday, April 29, 2005,** the parties shall file a Joint Status Report, which shall state how the parties propose to succeed on Plaintiff's claim of race discrimination in violation of 42 U.S.C. § 1981, as alleged in Count I. A courtesy copy shall be delivered to Chambers at the time of filing.

*State Univ. v. Sondel,* 685 So.2d 923, 925 (Fla. 1st DCA 1996).