[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 14, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16573
Non-Argument Calendar

_____

D. C. Docket No. 05-02917-CV-TWT-1

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff-Appellee,

versus

INVESTMENT TECHNOLOGY, INC.,
THOMAS D. VIDMAR,
ROSENFELD, GOLDMAN & WARE, INC.,
ULYSSES THOMAS WARE,
SMALL CAP RESEARCH GROUP, INC.,
CENTENNIAL ADVISORS, L.L.C.,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(September 14, 2006)**

Before CARNES, PRYOR and FAY, Circuit Judges.

PER CURIAM:

Ulysses "Thomas" Ware and Rosenfeld, Goldman and Ware, Inc. ("RGW") appeal the district court's denial of their motion to quash the Securities and Exchange Commission's ("SEC") subpoena to Citizens Trust Bank seeking records pertaining to their accounts. The SEC argues that this appeal is moot because the bank has produced the documents requested in the subpoena and, based on the facts of this case, meaningful relief cannot be granted. Ware and RGW argue that the district court erred in denying their motion to quash based on lack of standing, contending that their motion should have been granted.[1]

We review the question of mootness de novo. CAMP Legal Def. Fund v. City of Atlanta, 451 F.3d 1257, 1268 (11th Cir. 2006). The bank's compliance with the subpoena does not make this case moot; should Ware prevail on the merits of his motion to quash, we have the power to provide a partial remedy by ordering the SEC to destroy or return all copies of the documents produced by the bank. Church of Scientology v. United States, 506 U.S. 9, 13, 113 S.Ct. 447, 450, 121

---

[1] Ware and RGW also argue that, because Norris was not admitted pro hac vice before appearing in the district court, in violation of the Northern District of Georgia's Local Rule 83.1, he is guilty of criminal contempt. They argue that the district court abused its discretion by neither taking any disciplinary action against Norris nor referring the matter to the state bar for disciplinary action. As this argument was raised for the first time on appeal, we will not consider it. Narey v. Dean, 32 F.3d 1521, 1526-27 (11th Cir. 1994).

L.Ed.2d 313 (1992).

Ware and RGW argue that they both had a personal right or privilege in their own bank records and a "personal interest" in those records and client confidences, and, therefore, had standing to challenge the subpoena by the SEC. We review the district court's ruling on a motion to quash for abuse of discretion. See Moore v. Armour Pharm. Co., 927 F.2d 1194, 1197 (11th Cir. 1991). "A district court abuses its discretion when it misapplies the law in reaching its decision or bases its decision on findings of fact that are clearly erroneous." Arce v. Garcia, 434 F.3d 1254, 1260 (11th Cir. 2006). We review standing determinations de novo. CAMP Legal Def. Fund, 451 F.3d at 1268. However, we generally do not consider an issue or theory that was not raised before the district court. Narey, 32 F.3d at 1526-27.

Prior to the district court's denial of their motion to quash the subpoena, the only argument that Ware and RGW made in response to the SEC's assertion that they lacked standing was that Fed.RCiv.P. 45 did not impose a limitation on who could file a motion to quash a subpoena. Ware and RGW did not assert standing on the theory of a "personal interest" until they moved for reconsideration of the denial of their motion to quash. However, the district court's subsequent denial of reconsideration is not before us. Fed.R.App.P. 4(a)(4)(B)(ii); Green v. Union

3

Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002).  Consideration of this argument on appeal would effectively require us to review the district court's order based on a theory that Ware and RGW did not present to the district court at that time.  We decline to do so.  Narey, 32 F.3d at 1526-27.

In light of the foregoing, we affirm the district court's order denying Ware and RGW's motion to quash the SEC's subpoena.

**AFFIRMED.**