[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

No. 06-12152
Non-Argument Case

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 13, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 02-20678-CV-ASG-SIMONT

DAVID M. BILLINGS,

Plaintiff-Appellee,

versus

UNUM LIFE INSURANCE COMPANY OF AMERICA,
a foreign corporation and subsidiary of
UNUMPROVIDENT CORPORATION,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Florida

**(November 13, 2006)**

Before DUBINA, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Appellant UNUM Life Insurance Company appeals the district court's order denying its motion for post-judgment relief brought under Rule 60(b) of the Federal Rules of Civil Procedure.[1]

We review the district court's order denying post-judgment relief under Rule 60(b) of the Federal Rules of Civil Procedure for abuse of discretion. *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002); *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1316 (11th Cir. 2000).

After reviewing the record and reading the parties' briefs, we conclude that UNUM fails to demonstrate that the district court abused its discretion in denying UNUM's Rule 60(b) motion.

In *Waddell v. Hendry County Sheriff's Office*, 329 F.3d 1300, 1309 (11th Cir. 2003), we set forth the standards which govern the determination of motions made pursuant to Federal Rule of Civil Procedure 60(b)(2) and (b)(3). In order to be entitled to relief under Rule 60(b)(2), a movant must show that: "(1) the evidence must be newly discovered since the trial; (2) due diligence on the part of the movant to discover the new evidence must be shown; (3) the evidence must

---

[1] In a companion case, *Billings v. UNUM Life Insurance Company of America*, 459 F.3d 1088 (11th Cir. 2006), we affirmed the district court's order granting summary judgment in favor of Billings and against UNUM on Billings's claim under the Employment Retirement Income and Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, for wrongful denial of disability benefits due to obsessive compulsive disorder.

not be merely cumulative or impeaching; (4) the evidence must be material; and (5) the evidence must be such that a new trial would probably produce a new result." *Id.* We agree with the district court that relief is not warranted under Rule 60(b)(2) because the "newly discovered" evidence would not have affected the outcome of this case. We also agree with the district court that relief was not warranted under Rule 60(b)(3) because the result was not obtained by fraud or misrepresentation. *See id.* (noting that to obtain relief under Rule 60(b)(3), the movant must show by clear and convincing evidence that the adverse party obtained the verdict through fraud, misrepresentations, or other misconduct). Moreover, we conclude, as did the district court, that there are no extraordinary circumstances which would justify relief under Rule 60(b)(6).

Finally, we see no abuse of discretion in the district court's denying UNUM's request for post-judgment discovery.

For the above-stated reasons, we affirm the district court's order denying UNUM's Rule 60(b) motion.

**AFFIRMED.**