[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 2, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16351
Non-Argument Calendar
_____

D. C. Docket No. 07-00225-CV-1-MMP-AK

FRANK C. JOHNSON, JR.,
RUTH B. JOHNSON,

Plaintiffs-Appellants,

versus

LAW OFFICES OF MARSHALL C. WATSON, PA,
d.b.a. In the State of Florida,
SHELLY POWELL, individually,
JP MORGAN CHASE BANK, as Trustee, et al.,
WILLIAM DAVID NEWMAN, JR., individually,
STEVEN ELLISON, individually, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(October 2, 2009)

Before MARCUS, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Johnson and Ruth Johnson, a husband and wife proceeding *pro se*, appeal the district court's order denying their motion for post-judgment relief, pursuant to Federal Rule of Civil Procedure 60(b), of an order dismissing their 42 U.S.C. §§ 1981 and 1983 civil rights complaint. On appeal, the Johnsons argue that: (1) the district court mistakenly determined that private actors cannot act under color of state law; (2) the defendants committed a fraud on the district court by conspiring with a Florida state court judge; (3) the district court erroneously dismissed their civil rights complaint; and, (4) the district court abused its discretion by denying the Johnsons' motion for recusal of the district court judge. We find each argument meritless. Therefore, we affirm.

We review the district court's denial of relief under Rule 60(b) for an abuse of discretion. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 842 (11th Cir. 2008) (citations omitted). However, only the denial of relief as to the motion filed under Rule 60(b) can be considered, not the underlying judgment. *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993). Rule 60(b) cannot be used as a substitute for a proper and timely appeal. *Id.*

Relief is available under Rule 60(b)(1) for mistakes of law or its application.

*Parks v. U.S. Life & Credit Corp.*, 677 F.2d 838, 839-40 (11th Cir. 1982) (per curiam). A party may also file a motion for relief from a judgment or order based upon "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party. . . ." FED. R. CIV. P. 60(b)(3). "[O]nly the most egregious misconduct, such as bribery of a judge or members of a jury, or the fabrication of evidence by a party in which an attorney is implicated, will constitute a fraud on the court." *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1338 (5th Cir. 1978). To prove a fraud on the court, the plaintiff must show, by clear and convincing evidence, an unconscionable plan designed to improperly influence the court in its decision. *Id.* at 1338-39.

We review a judge's decision not to recuse himself for an abuse of discretion. *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004) (per curiam) (citation omitted). A judge's rulings in the same case generally cannot serve as grounds for recusal. *See United States v. Meester*, 762 F.2d 867, 884 (11th Cir. 1985).

In order to state a claim under 42 U.S.C. § 1983, the defendants must have acted "under color of state law." This requirement excludes merely private conduct. *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003). We recognize three primary tests to determine whether a

private party acted "under color of state law": "(1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test." *Id.*

> The public function test limits state action to instances where private actors are performing functions traditionally the exclusive prerogative of the state. The state compulsion test limits state action to instances where the government has coerced or at least significantly encouraged the action alleged to violate the Constitution. The nexus/joint action test applies where the state has so far insinuated itself into a position of interdependence with the [private party] that it was a joint participant in the enterprise. We must determine on a case-by-case basis whether sufficient state action is present from a non-state actor (defendant) to sustain a section 1983 claim.

*Id.* (internal quotation marks and citations omitted).

Here, the Johnsons' conclusory allegations that the defendants conspired with a Florida judge were not enough to transform the defendants into state actors. Thus, the district court did not mistake the law or its application. Furthermore, the Johnsons failed to allege any activities in the district court that would constitute fraud or misconduct. Therefore, the district court did not abuse its discretion in denying the Johnsons' motion for post-judgment relief.

The Johnsons' arguments regarding the dismissal of their civil rights complaint are not properly before us. Review of a Rule 60(b) motion cannot be used to review the underlying judgment, nor can the Johnsons now use their 60(b) motion as a substitute for a proper appeal.

Lastly, the Johnsons failed to amend their notice of appeal to include the

order denying their motion for the district court judge to recuse himself. Accordingly, we lack jurisdiction to consider this order on appeal. FED. R. APP. P. 3; *see Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir.2002) (declining to hear the appellant's second post-judgment motion because the appellate "failed to either amend his original notice of appeal or file a separate appeal from the district court's denial of his second post-judgment motion, and therefore, [appellant had] not properly perfected an appeal from that order").

Upon consideration of the record and the parties' briefs, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED**.