[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12, 2012
JOHN LEY
CLERK

No. 10-12540
Non-Argument Calendar

_____

D. C. Docket No. 1:08-cv-00173-MP-AK

DONNITA BRYANT,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(June 12, 2012)

Before EDMONDSON, MARCUS and MARTIN, Circuit Judges.

PER CURIAM:

Donnita Bryant, on behalf of her minor son J.I.B., appeals the district court's order affirming the Social Security Commissioner's denial of supplemental security income ("SSI") benefits, 42 U.S.C. § 1383(c)(3). No reversible error has been shown; we affirm in part and dismiss in part.[1]

Our review of the Commissioner's decision is limited to whether substantial evidence supports the decision and whether the correct legal standards were applied. Wilson v. Barnhart, 284 F.3d 1219, 1221 (11th Cir. 2002). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158 (11th Cir. 2004). Under this limited standard of review, we may not make fact-findings, re-weigh the evidence, or substitute our judgment for that of the Administrative Law Judge ("ALJ"). Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). Where substantial evidence supporting the ALJ's fact findings exists, we cannot overturn those findings even if other substantial evidence exists that is contrary to the ALJ's findings. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). "We review de novo the district

---

[1]Because Bryant failed to file a new or amended notice of appeal after the district court dismissed her motion for reconsideration, we lack jurisdiction to consider her challenge to that dismissal. See Fed.R.App.P. 4(a)(4)(B)(ii); Green v. Union Foundry Co., 281 F.3d 1229, 1233 (11th Cir. 2002) (declining to consider the district court's order denying appellant's post-judgment motion -- issued after appellant filed his notice of appeal -- when appellant failed to file a separate notice of appeal from that order or an amended notice of appeal).

court's decision on whether substantial evidence supports the ALJ's decision." Wilson, 284 F.3d at 1221.

For a person under age 18 to be entitled to SSI benefits, that person must have "a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). The ALJ is to use a three-step analysis to make this determination. First, the ALJ determines whether the claimant is engaged in substantial gainful activity. 20 C.F.R. § 416.924(b). If not -- as with J.I.B. -- the ALJ determines whether the claimant has a severe impairment or combination of impairments. 20 C.F.R. § 416.924(c). J.I.B. has these severe impairments: attention deficit hyperactivity disorder ("ADHD"), developmental delay, and asthma.[2] So, the ALJ then determines whether the impairment or combination of impairments meets or is medically or functionally equal to an impairment listed in Appendix 1 of 20 C.F.R. part 404, subpart P, and otherwise satisfies the duration requirement. 20 C.F.R. § 416.924(a); see Wilson v. Apfel, 179 F.3d 1276, 1277 n.1 (11th Cir. 1999). About this third step, the ALJ

_____

[2]Bryant also asserted that J.I.B. had a cardiac impairment but the ALJ concluded that -- because J.I.B. was clinically asymptomatic -- his condition was non-severe. Bryant does not challenge this determination on appeal.

3

concluded that J.I.B. did not have an impairment or combination of impairments that met or equaled the Listings and that J.I.B. did not have a combination of impairments that were functionally equivalent to a Listing.

In determining whether a child's impairment functionally equals a listed impairment, the ALJ must consider six "domains," which are "broad areas of functioning intended to capture all of what a child can and cannot do." 20 C.F.R. § 416.926a(b)(1). To satisfy the "functional equivalent" standard, a child claimant must have "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(d). A marked limitation is defined as a limitation that "interferes seriously with [the] ability to independently initiate, sustain, or complete activities," and is "more than moderate." 20 C.F.R. § 416.926a(e)(2)(i). The ALJ must consider the "interactive" and "cumulative" effects of all medically determinable impairments, including those impairments that are not severe. 20 C.F.R. § 416.926a(a), (c). The ALJ must also consider how the child performs in a supportive setting and at school, as well as the effects of medication and other treatment. 20 C.F.R. § 416.926a(a).

The ALJ concluded that J.I.B. had marked limitations in one of the domains, but had no limitation or less than marked limitations in the other five domains. On appeal, Bryant challenges only the ALJ's determination that J.I.B. had less than

4

marked limitations in the domain of "attending and completing tasks." Under this domain, the ALJ considers how well the child claimant is "able to focus and maintain [his] attention, and how well [he] begin[s], carr[ies] through, and finish[es] [his] activities, including the pace at which [he] perform[s] activities and the ease with which [he] change[s] them." 20 C.F.R. § 416.926a(h). A child between the ages of three and six[3] "should be able to pay attention when [he is] spoken to directly, sustain attention to [his] play and learning activities, and concentrate on activities like putting puzzles together or completing art projects." 20 C.F.R. § 416.926a(h)(2)(iii). In addition, the child should be able to focus long enough to gather his clothes, dress and feed himself, put away toys, wait his turn, and change activities when instructed. Id. A child may show limitations in this domain if he (1) is easily distracted; (2) is slow to focus on or complete activities of interest to him, such as art projects or games; (3) is frequently sidetracked from his activities; (4) is easily frustrated by, and gives up on, tasks that he has the ability to complete; and (5) requires extra supervision to remain engaged in an activity. 20 C.F.R. § 416.926a(h)(3)(i)-(v).

---

[3]J.I.B. was three years old when the SSI application was filed and five years old when the ALJ conducted a hearing on the application.

Substantial evidence supports the ALJ's determination that J.I.B. was less than markedly limited in the domain of attending and completing tasks and, thus, was not disabled. The record evidence demonstrates that -- when the ALJ conducted the hearing on J.I.B.'s application -- J.I.B. generally followed directions and was able to dress and feed himself, help with chores, and complete puzzles. In addition, J.I.B. had only slight problems paying attention when spoken to, focusing on finishing tasks, taking turns, and changing activities when instructed. Although evidence existed that J.I.B. was easily distracted and had a short attention span, his behavior and concentration improved significantly with medication.

Because substantial evidence supports the ALJ's decision and because the ALJ applied the correct legal standards, we affirm.

AFFIRMED IN PART; DISMISSED IN PART.