[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11892
Non-Argument Calendar
_____

D. C. Docket No. 8:10-cv-02876-MSS-EAJ

PATRICIA ANN PERRY,

Plaintiff-Appellant,

versus

SOUTHERN WINE SPIRITS,
ROD CROWLEY,

Defendants-Appellees.

_____

Appeal from the United States District Court
For the Middle District of Florida

_____

(March 4, 2013)

Before HULL, JORDAN, and EDMONDSON, Circuit Judges.

PER CURIAM:

Patricia Ann Perry, proceeding pro se, appeals the district court's grant of summary judgment in favor of her former employer, Southern Wine Spirits ("SWS"), and her former supervisor, Rod Crowley ("Defendants"), in her action filed pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2 and 2000e-3.  The district court determined that Perry's claims -- alleging race discrimination, sex discrimination, and retaliation -- were time-barred.  No reversible error has been shown; we affirm.

We review a district court's grant of summary judgment de novo, "applying the same legal standards as the district court."  Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc).  "[S]ummary judgment is appropriate if the evidence before the court shows that there is no genuine issue as to any material fact."  Id.  In making this determination, we "view all evidence and make all reasonable inferences in favor of the" nonmoving party.  Id.

Before filing suit for discrimination under Title VII, a plaintiff must exhaust certain administrative remedies.  See Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001).  First, she must file a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").  Id.  In a deferral state such as Florida, the charge must be filed with the EEOC within 300 days of the last alleged discriminatory act.  42 U.S.C. § 2000e-5(e)(1); EEOC v. Joe's Stone

2

Crabs, Inc., 296 F.3d 1265, 1271 (11th Cir. 2002). "[O]nly those claims arising within 300 days prior to the filing of the EEOC's discrimination charge are actionable." Joe's Stone Crabs, Inc., 296 F.3d at 1271.

Second, the plaintiff must file her civil complaint within 90 days of receiving a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f)(1). The plaintiff has the burden of establishing that she met the 90-day filing requirement; and, if she fails to meet her burden, summary judgment is warranted in favor of defendants. Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir. 2002).

Even if we assume -- without deciding -- that Perry presents sufficiently the timeliness issue on appeal, summary judgment in favor of Defendants was proper. Perry filed two charges with the EEOC. In her first charge, Perry alleged claims for race discrimination and retaliation. The EEOC issued Perry a right-to-sue letter on 17 August 2010. Because Perry waited until 22 December 2010 to file her lawsuit -- more than 90 days after the right-to-sue letter issued -- the claims in her first charge were time-barred and summary judgment was proper. See id.

Perry filed her second charge with the EEOC on 29 September 2010, asserting claims of race and sex discrimination, sexual harassment, and retaliation. The acts Perry complained about happened on or before 13 November 2009, when Perry's employment with SWS was terminated. Because these alleged acts

3

happened more than 300 days before Perry filed her second charge with the EEOC, they are not actionable.  See Joe's Stone Crabs, Inc., 296 F.3d at 1271.

AFFIRMED.