[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13135
Non-Argument Calendar
_____

D.C. Docket No. 3:18-cv-00091-TCB

KENNETH RAMION,

Plaintiff-Appellant,

versus

BRAD COLE CONSTRUCTION COMPANY, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(March 13, 2020)

Before ED CARNES, Chief Judge, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Kenneth Ramion filed a charge with the Equal Employment Opportunity Commission alleging that his employer, Brad Cole Construction Company, fired him because of his age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623. The EEOC found no cause and mailed Ramion and his attorney a right to sue letter on May 11, 2018. Ramion filed this lawsuit against Brad Cole Construction on August 14, 2018.

Shortly after submitting an answer to Ramion's complaint, Brad Cole Construction moved for summary judgment and moved to stay further discovery, contending that Ramion had not filed his complaint within ninety days of receiving his right to sue letter as required under the ADEA. Ramion filed a response and attached a scanned copy of the envelope in which his attorney received the right to sue letter; the envelope was stamped with a May 16, 2018 receipt date. He also attached an affidavit stating that it was the regular business practice of the firm to stamp mail with a receipt date when it arrived. Ramion did not, however, file a statement of disputed material facts as is required under Local Rule 56.1B(2) of the Northern District of Georgia. Nor did his response cite to the stamped copy of the letter as required under that rule.

The magistrate judge recommended granting the motion for summary judgment. The report found that Ramion had not properly objected to Brad Cole Construction's statement of undisputed facts, nor had he properly cited to any

evidence in the record showing when he received the letter. Under the local rules, the court could not rely on the envelope to find a genuine dispute of material fact. As a result, it found that there was no evidence of when Ramion received the letter, and it applied our rule that a plaintiff is presumed to have received a right to sue letter three days after it was mailed. See Kerr v. McDonald's Corp., 427 F.3d 947, 952 n.9 (11th Cir. 2005). Relying on that presumption, Ramion would have received the letter on May 14, and the ninety day window to sue would have ended on August 13, 2018.[1] The district court adopted the magistrate judge's recommendation and granted summary judgment.

Ramion appeals.

## I.

We review de novo a district court's grant of summary judgment, applying the same standard used by the district court. Burton v. Tampa Hous. Auth., 271 F.3d 1274, 1276–77 (11th Cir. 2001). We view all evidence and draw all reasonable factual inferences in the light most favorable to the non-moving party. Id. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

---

[1] Ninety days after May 14 is actually August 12. But August 12 fell on a Sunday in 2018, and under Rule 6(a) of the Federal Rules of Civil Procedure, if the final day falls on a weekend or legal holiday we continue the period until the next working day, which was Monday, August 13.

matter of law." Fed. R. Civ. P. 56(a). "[W]hile all reasonable inferences must be drawn in favor of the nonmoving party, 'an inference based on speculation and conjecture is not reasonable.'" Hinson v. Bias, 927 F.3d 1103, 1115 (11th Cir. 2019).

## II.

Ramion contends that the district court erred by finding that there was no genuine dispute of material fact about whether his complaint was timely.[2] He argues that he submitted evidence showing that his lawyer did not receive the right to sue letter until May 16, which would have meant that he filed his complaint within ninety days.

Once a defendant contests whether a plaintiff filed his complaint within ninety days of receiving the EEOC right to sue letter, the plaintiff "has the burden of establishing that he met the ninety day filing requirement." Green v. Union

---

[2] Ramion makes two other contentions that are both without merit. He first contends that, even without his date-stamped letter, there is no evidence that would require a jury to find that the right to sue letter was received before May 16, so summary judgment is inappropriate. But the burden was on Ramion to prove that he sued within the ninety day window. Green v. Union Foundry Co., 281 F.3d 1229, 1234 (11th Cir. 2002). He did not carry that burden.

Ramion also contends that the district court imposed a heightened pleading standard because it required him to cite to evidence in his response to the motion for summary judgment before he had an opportunity to develop the record through discovery. But Brad Cole Construction had the right to move for summary judgment when it did because "a party may file a motion for summary judgment at any time until 30 days after the close of all discovery." Fed. R. Civ. P. 56(b). If the facts Ramion needed to oppose the motion for summary judgment were not yet available to him, he could have moved to delay the motion so that he could conduct discovery. Fed. R. Civ. P. 56(d). He did not.

Foundry Co., 281 F.3d 1229, 1234 (11th Cir. 2002).  Under Northern District of Georgia Local Rule 56.1(B)(2)(b), a response to a summary judgment motion must include a statement of additional material facts.  The respondent must also make "specific citations to evidence."  N.D. Ga. Local R. 56.1(B)(2)(a)(2).  "We give great deference to a district court's interpretation of its local rules and review a district court's application of local rules for an abuse of discretion."  Mann v. Taser Int'l, Inc., 588 F.3d 1291, 1302 (11th Cir. 2009) (quotation marks omitted).  To meet that high standard, Ramion must show that the district court made a "clear error in judgment."  Id.

But in his brief before us, Ramion does not argue that the district court made a clear error in judgment in applying its local rules.  He asserts that he attached a copy of the signed letter and an affidavit to his response to the motion for summary judgment.  But he does not assert that he complied with the local rules, nor does he assert that the court erred by applying the local rules.  In fact, the only time he mentions the local rules in his argument is when he claims that they imposed a heightened pleading standard.  Supra n.2.  As a result, Ramion has abandoned any argument that the district court clearly erred in its judgment when applying the local rules.  See Sappuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("We have long held that an appellant abandons a claim when he either makes only passing references to it or raises it in a perfunctory manner . . . .").

5

Because the district court properly found that Ramion did not comply with the local rules, it also properly applied the three day presumption to find that he received the right to sue letter on May 14.  Because Ramion received the right to sue letter on May 14, his complaint was not filed within ninety days, and the district court properly granted summary judgment to Brad Cole Construction.

**AFFIRMED.**