[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-14416
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-61248-WJZ

MARY A. MCDUFFIE,

Plaintiff-Appellant,

versus

BROWARD COUNTY,
a political subdivision of the State of Florida,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 25, 2016)

Before JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Mary McDuffie appeals following the district court's grant of summary judgment to Defendant-Appellee Broward County (the "County") in her employment-discrimination suit filed under both the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.10(7), and Title VII, 42 U.S.C. § 2000e-2(a), -3(a).  McDuffie raises four challenges on appeal: (1) the district court erred in dismissing rather than remanding the state-law claims over which the court declined to exercise supplemental jurisdiction; (2) the district court abused its discretion in striking her untimely response in opposition to the County's motion for summary judgment; (3) the district court erred in concluding that her Title VII claims were barred by the statute of limitations; and (4) the district court abused its discretion in denying her post-judgment motion seeking reconsideration of various matters.  After careful review, we vacate the dismissal of McDuffie's state-law claims and remand to the district court with instructions to remand these claims to state court.  We affirm the district court in all other respects.

## I. Background

McDuffie, a black female, worked as an accountant for the County.  She first filed suit against the County in Florida state court on September 15, 2008, alleging a single count of retaliation, in violation of the FCRA.  In her complaint, McDuffie asserted that the County had retaliated against her by giving her a negative performance evaluation after she complained about the discriminatory conduct of

2

her superior, Lynn Neff, in 2007.  McDuffie also claimed that Neff had subjected her to "harsh and unreasonable scrutiny, criticism and pressure."

The case remained pending in state court for the next several years.  On May 20, 2014, McDuffie filed an amended complaint against the County.  In addition to reasserting her FCRA retaliation claim (Count III), she added three new claims: unlawful retaliation, in violation of Title VII (Count I); a hostile work environment, also in violation of Title VII (Count II); and a hostile work environment, in violation of the FCRA (Count IV).  The County responded by removing McDuffie's amended complaint to federal court based on federal-question jurisdiction over her two Title VII claims.  The County asserted that the court also had supplemental jurisdiction over McDuffie's state claims.

Following discovery, the County moved for summary judgment.  The County argued, in part, that McDuffie's Title VII claims (Counts I and II) were time barred because she did not file them within ninety days of receiving right-to-sue letters from the Equal Employment Opportunity Commission ("EECO"). EOC, pursuant to 42 U.S.C. § 2000e-5(f)(1).

The County filed its motion on June 1, 2015.  Under Local Rule 7.1(c), S.D. Fla. L.R., McDuffie's response in opposition was due within fourteen days after service.  McDuffie, however, who was represented by counsel, did not respond or request additional time to respond, within fourteen days.  Instead, on June 29,

3

2015, eleven days after the deadline, McDuffie filed her response in opposition to summary judgment. McDuffie argued, in part, that under Rule 15(c), Fed. R. Civ. P., her Title VII claims were timely because they related back to the filing of her initial complaint in state court.

The same day that McDuffie filed her response in opposition to summary judgment, the district court entered an order *sua sponte* declining to exercise supplemental jurisdiction over McDuffie's state claims. The court found that her FCRA claims presented questions of state law that would predominate over the two federal claims and "obscure [their] significance." *See* 28 U.S.C. § 1367(c)(2). The court dismissed, rather than remanded, McDuffie's state claims (Counts III and IV).

Two weeks later, the district court granted summary judgment to the County. The court first determined that McDuffie's response in opposition to summary judgment was untimely and filed without leave of the court. As a result, the court struck McDuffie's summary-judgment filings—a statement of material facts and a response in opposition—from the record.

Next, the district court concluded that McDuffie had not timely filed her Title VII claims within ninety days of receiving a right-to-sue letter from the EEOC. After reviewing the record, the court found that McDuffie had received two right-to-sue letters, one in September 2008 and one in September 2010, but did

4

not assert her Title VII claims against the County until May 2014.  Noting that McDuffie bore the burden of establishing that her claims were timely filed, the court concluded that McDuffie had failed to do so and that no material issues of fact remained. Accordingly, the court granted summary judgment to the County on McDuffie's remaining claims.

McDuffie timely moved to alter or amend the judgment, or in the alternative, for relief from judgment, raising three arguments.  *See* Fed. R. Civ. P. 59(e), 60(b). First, McDuffie argued that the court should have remanded rather than dismissed her state claims because they had been removed from state court.  Second, she contended that her Title VII claims were not time-barred because they related back to her original complaint filed in state court.  Finally, McDuffie asserted that her response to summary judgment should not have been stricken because it was untimely due to excusable neglect.  McDuffie attached an affidavit from her attorney explaining why the response was not timely filed.  The district court summarily denied McDuffie's post-judgment motion, and McDuffie timely appealed.

## II. Dismissal of State Law Claims

McDuffie first argues that the district court should have remanded, rather than dismissed, the state-law claims over which the court declined to exercise supplemental jurisdiction.[1]  We agree.

Section 1367(a) of Title 28 provides in part that "in any civil action of which the district courts have original jurisdiction," supplemental jurisdiction exists over all other claims arising from the same case or controversy.  28 U.S.C. § 1367(a).  Nevertheless, courts may decline to exercise supplemental jurisdiction over interrelated state claims for several reasons, including if the claim substantially predominates over the claim or claims over which the district court has original jurisdiction.  28 U.S.C. § 1367(c); *see Ameritox, Ltd. v. Millennium Labs., Inc.*, 803 F.3d 518, 531-32 (11th Cir. 2015).

Where the district court declines to exercise supplemental jurisdiction over state claims in a case originally filed in federal court, the state claims should be dismissed without prejudice so that they may be refiled in the appropriate state court.  *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999).  Whether to dismiss or to retain jurisdiction over supplemental claims, provided there is a basis in § 1367(C) for doing so, is a decision within the court's discretion.  *Id.*

Where an action originates in state court and is later removed to federal court, though, district courts should remand to state court the state claims over

---

[1] McDuffie does not challenge the basis of the court's decision to decline to exercise supplemental jurisdiction

which they decline to exercise supplemental jurisdiction. *See Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., Fla.*, 402 F.3d 1092, 1123 (11th Cir. 2005). Indeed, we have stated that "federal district courts in removal cases must remand, rather than dismiss, state claims over which they decline to exercise supplemental jurisdiction." *Myers v. Cent. Fla. Invs., Inc.*, 592 F.3d 1201, 1226-27 (11th Cir. 2010); *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) ("If the district court does decline to exercise supplemental jurisdiction, these claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C. § 1441.").

Here, because McDuffie's state claims were originally filed in state court and later removed to federal court, the claims should have been remanded, rather than dismissed, after the court declined to exercise supplemental jurisdiction over them. *See Cook*, 402 F.3d at 1123; *Myers*, 592 F.3d at 1226. Accordingly, we vacate the district court's order dismissing McDuffie's state claims, and we remand with instructions for the court to remand these claims to the state court from which they were removed: the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

### III. Striking of Summary-Judgment Response

We review a district court's decision to strike a party's filing for an abuse of discretion. *See Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 863 (11th Cir. 2004) (analyzing whether the district court abused its discretion in refusing to consider the plaintiff's untimely filings.)  In reviewing for an abuse of discretion, "we give the court considerably more leeway than if we were reviewing the decision de novo."  *Id.* (internal quotation marks omitted).  A district court does not abuse its discretion when the court has "a range of options" and the court's decision is not "a clear error in judgment."  *Id.*

According to Local Rule 7.1(c), S.D. Fla. L.R., "each party opposing a motion shall serve an opposing memorandum of law no later than fourteen (14) days after service of the motion."  Under Rule 6 of the Federal Rules of Civil Procedure, a court may, for good cause, extend the specified time that a party may or must act "on motion made after the time has expired if the party failed to act because of excusable neglect."  Fed. R. Civ. P. 6(b)(1)(B).

At least where the opposing party is not a *pro se* litigant, the district court may properly require conformity with local rules specifying the time in which to respond to a motion for summary judgment.  *Clinkscales v. Chevron U.S.A., Inc.*, 831 F.2d 1565, 1568 (11th Cir. 1987); *cf. Hollingswoth v. Perry*, 558 U.S. 183, 191, 130 S. Ct. 705, 710 (2010) ("A district court has discretion to adopt local rules[,]" . . . which "have the force of law." (citations and internal quotation marks

8

omitted)).    "Deadlines are not meant to be aspirational," and the district court "must be able to exercise its managerial power to maintain control over its docket" so that it can "administer effective justice and prevent congestion."   *Young*, 358 F.3d at 864.

Here, the district court did not abuse its discretion in striking McDuffie's response as untimely.  McDuffie does not dispute that her response to the County's summary-judgment motion was eleven days late and filed without leave of the court.   The record also shows that McDuffie's counsel never requested an extension of time before filing the late response—even though counsel knew that the response was not going to be timely—or otherwise notified either the court or opposing counsel that she would be late.   Furthermore, when she filed the response, McDuffie did not assert that her late filing should be excused due to excusable neglect.   Rather, she raised that issue for the first time in her post-judgment motion.  So at the time it struck McDuffie's response, the court had not been alerted to the reasons why McDuffie's response was late.   As a result, the court had no basis for accepting the late filing based on excusable neglect.   Under these circumstances, and without any showing of excusable neglect or some other reason for the late filing, we cannot say that the district court made a clear error in judgment by enforcing strict compliance with the deadlines prescribed by the local rules.  *See Young*, 358 F.3d at 863-64; *Clinkscales*, 831 F.2d at 1568-69.

## IV. Dismissal of Title VII Claims

We review an order granting summary judgment *de novo*, viewing the evidence and drawing all reasonable inferences in favor of the non-moving party. *Brooks v. Cty. Comm'n*, 446 F.3d 1160, 1161-62 (11th Cir. 2006).    Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Title VII requires a complainant seeking relief under its provisions to file suit within ninety days of receiving a right-to-sue letter from the EEOC.  42 U.S.C. § 2000e-5(f)(1); *see also Santini v. Cleveland Clinic Florida*, 232 F.3d 823, 825 (11th Cir. 2000) ("Title VII . . . actions may not be brought more than 90 days after a complainant has adequate notice that the EEOC has dismissed the Charge."). "Once the defendant contests this issue, the plaintiff has the burden of establishing that [she] met the ninety day filing requirement."  *Green v. Union Foundry Co.*, 281 F.3d 1229, 1233 (11th Cir. 2002).

Here, McDuffie's Title VII claims, which she alleged for the first time in her amended complaint in May 2014, were not filed within ninety days of receiving her September 2010 or September right-to-sue letters.  *See* 42 U.S.C. § 2000e-5(f)(1).  For this reason, her claims, standing alone, were untimely.

McDuffie counters that her Title VII claims "relate back" to the filing of her original complaint in state court and should be considered timely filed for that reason. Rule 15, Fed. R. Civ. P., provides that an amendment to a pleading relates back to the date of the original pleading when the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out or attempted to be set out in the original pleading. Fed. R. Civ. P. 15(c)(1)(B). In that way, "'relation back' causes an otherwise untimely claim to be considered timely by treating it as if it had been filed when the timely claims were filed." *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000).

But while McDuffie argued the "relation back" issue in her response in opposition to the County's summary-judgment motion, the district court, as explained above, acted within its discretion by striking that response as untimely filed. Consequently, McDuffie did not properly raise the "relation back" issue at summary judgment, and we will not consider the issue for the first time on appeal. *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598-99 (11th Cir. 1995) (holding that arguments not fairly presented to the district court generally will not be considered on appeal). Because McDuffie did not satisfy her burden of establishing that she met the ninety-day filing requirement, *see Green*, 281 F.3d at 1233, the district court did not err in concluding that McDuffie had failed to create a genuine issue of material fact as to whether her claims were timely filed.

11

## V. Denial of Post-Judgment Motion

Finally, McDuffie argues that the district court abused its discretion in denying her post-judgment motion, pursuant to Rules 59 and 60, Fed. R. Civ. P., which presented arguments largely the same as those she raises on appeal.

We review the denial of motions to alter or amend a judgment, Fed. R. Civ. P. 59(e), and motions for relief from the judgment, Fed. R. Civ. P. 60(b), for an abuse of discretion. *Howell v. Sec'y, Florida Dep't of Corr.*, 730 F.3d 1257, 1260 (11th Cir. 2013) (Rule 60(b)); *Shuford v. Fid. Nat'l Prop. & Cas. Ins. Co.*, 508 F.3d 1337, 1341 (11th Cir. 2007) (Rule 59(e)). The only grounds for granting a motion to alter or amend judgment are new evidence or manifest errors of law or fact. *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). A motion to alter or amend a judgment may not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *Id.* Rule 60(b) allows a court, upon a motion and just terms, to relieve a party or its legal representative from a final judgment, order, or proceeding based on mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b).

Here, the district court did not abuse its discretion in denying McDuffie's post-judgment motion. First, with regard to the district court's striking of her summary-judgment response, the court did not abuse its discretion by concluding the McDuffie had not shown excusable neglect to justify relief under Rule 60.

12

McDuffie's counsel's affidavit shows that counsel was aware of the deadline but failed to take appropriate actions to file a timely response or to ask the court for more time in which to do so.  Counsel's explanation for why she failed to move for an extension of time is unconvincing.  It also does not show any mistake of fact that could excuse the delay.  *See, e.g.*, *Advanced Estimating Sys., Inc. v. Riley*, 130 F.3d 996, 998-99 (11th Cir. 1997) ("The ancient legal maxim continues to apply: ignorance of fact may excuse; ignorance of law does not excuse.").

While the district court could properly have vacated its summary-judgment order, McDuffie has not shown "a justification so compelling that the court was required to vacate its order."  *Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993) (quotation marks omitted).  Though we recognize that this result appears to penalize McDuffie for the conduct of her attorney, under the law, that is not a basis for finding an abuse of discretion.  *See id.*; *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396-97, 113 S. Ct. 1489, 1499 (1993) ("[C]lients must be held accountable for the acts and omissions of their attorneys.").  Nor did McDuffie assert that any newly discovered evidence or a manifest error of law or fact would support her motion under Rule 59.  *See Arthur*, 500 F.3d at 1343.

Second, and for similar reasons, the district court did not abuse its discretion by denying McDuffie's post-judgment motion with regard to whether McDuffie's

13

claims were timely filed within the statute of limitations. McDuffie's arguments on this point hinge on whether her response in opposition should have been considered by the district court, but, as explained above, we cannot say that the court abused its discretion by refusing to consider her response or to reconsider that decision.

Finally, McDuffie's last argument regarding her post-judgment motion is unnecessary to address because we have already concluded that the state-law claims should have been remanded rather than dismissed.

## VI.

In sum, we vacate the district court's dismissal of McDuffie's state-law claims (Counts III and IV), and we remand to the district court with instructions to remand these claims to the state court from which they were removed. In all other respects, we affirm the judgment of the district court.

**AFFIRMED IN PART; VACATED IN PART and REMANDED WITH INSTRUCTIONS.**